Vincent M. Rizzo - #6313833
Todd P. Stelter – *admitted pro hac vice*
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Phone No.: 312-704-3000
Fax No. 312-704-3001
vrizzo@hinshawlaw.com
tstelter@hinshawlaw.com

Attorneys for Defendant
MIDWEST TAPE, LLC d/b/a HOOPLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN SMITH and LYLY TRAN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

MIDWEST TAPE, LLC d/b/a HOOPLA,

Defendant.

Case No. 3:24-cv-08805-JD

**DEFENDANT MIDWEST TAPE, LLC D/B/A HOOPLA'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant MIDWEST TAPE, LLC d/b/a HOOPLA, through its undersigned attorneys, **expressly preserving and without waiving any rights to arbitration under the Federal Arbitration Act 9 U.S.C. § 1 or state law**, for its answer to plaintiffs' First Amended Complaint ("complaint"), states:

## NATURE OF THE ACTION

1. Answering paragraph 1, defendant admits that plaintiffs' complaint purports to allege a putative class action. Defendant denies all remaining allegations contained within paragraph 1.

2. Defendant denies all allegations contained within paragraph 2.

3. Defendant denies all allegations contained within paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 4.

5. Defendant denies all allegations contained within paragraph 5.

## THE PARTIES

***Plaintiffs***

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6.

7. Answering paragraph 7, defendant admits Smith used http://hoopladigital.com since March 2021 and accessed the website. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 7.

8. Defendant denies all allegations contained within paragraph 8.

9. Defendant denies all allegations contained within paragraph 9.

10. Defendant denies all allegations contained within paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11.

12. Defendant denies all allegations contained within paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13.

14. Defendant denies all allegations contained within paragraph 14.

15. Defendant denies all allegations contained within paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16.

17. Answering paragraph 17, defendant admits on information and belief that Tran used http://hoopladigital.com and accessed the website. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 17.

18. Defendant denies all allegations contained within paragraph 18.

19. Defendant denies all allegations contained within paragraph 19.

20. Defendant denies all allegations contained within paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21.

22. Defendant denies all allegations contained within paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23.

24. Defendant denies all allegations contained within paragraph 24.

25. Defendant denies all allegations contained within paragraph 25.

***Defendant***

26. Answering paragraph 26, defendant admits that it is an Ohio LLC, that it has an office located in Holland, Ohio, and that it operates hoopladigital.com. Defendant further admits that paragraph 26 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 26.

## FACTUAL ALLEGATIONS

### I. OVERVIEW OF THE LAW

#### A. California Information Privacy Act

27. Defendant admits that paragraph 27 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 27.

28. Defendant admits that paragraph 28 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 28 and its sub-paragraphs.

29. Defendant admits that paragraph 29 of the complaint purports to cite to an

incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 29.

30. Defendant admits that paragraph 30 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 30.

31. Defendant admits that paragraph 31 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 31.

32. Defendant admits that paragraph 32 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 32.

**B. Cal. Civ. Code § 1799.3**

33. Defendant admits that paragraph 33 of the complaint purports to cite to an incomplete portion of the Cal. Civ. Code § 1799.3 (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 33.

34. Defendant admits that paragraph 34 of the complaint purports to cite to an incomplete portion of the Cal. Civ. Code § 1799.3 (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 34.

35. Defendant admits that paragraph 35 of the complaint purports to cite to an incomplete portion of the Cal. Civ. Code § 1799.3 (and/or other legal authority) and

attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 35.

**C. California Patron Use Records Act**

36. Defendant admits that paragraph 36 of the complaint purports to cite to an incomplete portion of the California Patron Use Records Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 36.

37. Defendant admits that paragraph 37 of the complaint purports to cite to an incomplete portion of the California Patron Use Records Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 37.

38. Defendant admits that paragraph 38 of the complaint purports to cite to an incomplete portion of the California Patron Use Records Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 38.

39. Defendant admits that paragraph 39 of the complaint purports to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions related to the California Patron Use Records Act (and/or other legal authority). Defendant denies all remaining allegations contained within paragraph 39.

**D. California Reader Privacy Act**

40. Defendant admits that paragraph 40 of the complaint purports to cite to an incomplete portion of the California Reader Privacy Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained

within paragraph 40.

41. Defendant admits that paragraph 41 of the complaint purports to cite to an incomplete portion of the California Reader Privacy Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 41.

42. Defendant admits that paragraph 42 of the complaint purports to cite to an incomplete portion of the California Reader Privacy Act (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 42 and its sub-paragraphs.

43. Defendant admits that paragraph 43 of the complaint purports to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions related to the California Reader Privacy Act (and/or other legal authority). Defendant denies all remaining allegations contained within paragraph 43.

## II. OVERVIEW OF DEFENDANT'S DIGITAL LIBRARY SERVICE

44. Defendant admits that paragraph 44 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 44.

45. Defendant admits that paragraph 45 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 45.

46. Answering paragraph 46, defendant admits that hoopladigital.com is its website address. Defendant further admits that paragraph 46 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 46.

47. Defendant admits that paragraph 47 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 47.

48. Defendant admits that paragraph 48 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 48.

49. Defendant admits that paragraph 49 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 50.

51. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained within paragraph 51.

## II. OVERVIEW OF THE THIRD PARTIES' TRACKING TECHNOLOGIES

52. Defendant denies all allegations contained within paragraph 52.

53. Defendant denies all allegations contained within paragraph 53.

### A. The Hoopla Service Integrated the Facebook Pixel

54. Defendant denies all allegations contained within paragraph 54.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 55.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 56.

57. Defendant denies all allegations contained within paragraph 57.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 58.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 59.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 61.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 62.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 63.

64. Defendant denies all allegations contained within paragraph 64.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 65.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 66 and its sub-paragraphs.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 67.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 68 and its sub-paragraphs.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 69.

70. Defendant denies all allegations contained within paragraph 70.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 71.

### B. The Hoopla Service Integrated Google Analytics

72. Defendant denies all allegations contained within paragraph 72.

73. Defendant denies all allegations contained within paragraph 73.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 74.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 75.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 76 and its sub-paragraphs.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 77.

## IV. DEFENDANT KNOWINGLY ENABLES THE THIRD PARTIES TO INTERCEPT USERS' PROTECTED READING AND VIDEO-VIEWING INFORMATION

### A. Facebook

78. Defendant denies all allegations contained within paragraph 78.

79. Defendant denies all allegations contained within paragraph 79.

80. Defendant denies all allegations contained within paragraph 80.

81. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained within paragraph 81.

82. Defendant denies all allegations contained within paragraph 82.

83. Defendant denies all allegations contained within paragraph 83.

84. Defendant denies all allegations contained within paragraph 84.

85. Defendant denies all allegations contained within paragraph 85.

86. Defendant denies all allegations contained within paragraph 86.

87. Defendant denies all allegations contained within paragraph 87.

88. Defendant denies all allegations contained within paragraph 88.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 89.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 90.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 91.

92. Defendant denies all allegations contained within paragraph 92.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 93.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 94.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 95.

96. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 96.

97. Defendant denies all allegations contained within paragraph 97.

**B. Google Analytics**

98. Defendant denies all allegations contained within paragraph 98.

99. Defendant denies all allegations contained within paragraph 99.

100. Defendant denies all allegations contained within paragraph 100.

101. Defendant denies all allegations contained within paragraph 101.

102. Defendant denies all allegations contained within paragraph 102.

103. Defendant denies all allegations contained within paragraph 103.

104. Defendant denies all allegations contained within paragraph 104.

105. Defendant denies all allegations contained within paragraph 105.

106. Defendant denies all allegations contained within paragraph 106.

107. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 107.

108. Defendant denies all allegations contained within paragraph 108.

109. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 109.

110. Defendant denies all allegations contained within paragraph 110.

### C. IP Address

111. Defendant denies all allegations contained within paragraph 111.

112. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 112.

## V. DEFENDANT DISCLOSES USERS' PII AND BORROWING HISTORY FOR THE PURPOSES OF MARKETING, ADVERTISING AND ANALYTICS

113. Defendant denies all allegations contained within paragraph 113.

### A. Facebook

114. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 114.

115. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 115.

116. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 116.

117. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 117 and its sub-paragraphs.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 118.

119. Defendant denies all allegations contained within paragraph 119.

**B. Google**

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 120.

121. Defendant denies all allegations contained within paragraph 121.

122. Defendant denies all allegations contained within paragraph 122.

## CLASS ACTION ALLEGATIONS

123. Answering paragraph 123, defendant admits that plaintiffs' complaint purports to allege a putative class action. Defendant denies all remaining allegations contained within paragraph 123.

124. Defendant denies all allegations contained within paragraph 124.

125. Defendant denies all allegations contained within paragraph 125.

126. Defendant denies all allegations contained within paragraph 126.

127. Defendant denies all allegations contained within paragraph 127.

128. Defendant denies all allegations contained within paragraph 128.

129. Defendant denies all allegations contained within paragraph 129.

130. Defendant denies all allegations contained within paragraph 130 and its sub-paragraphs.

131. Defendant denies all allegations contained within paragraph 131.

## CLAIMS FOR RELIEF

## COUNT I

**Violation Of The California Invasion of Privacy Act,**

**Cal. Penal Code § 631**

**(On Behalf Of The Class)**

132. Answering paragraph 132, defendant repeats its responses, and denials, respectively, to the allegations contained in the preceding referenced complaint

paragraphs as if fully set forth herein. Further answering paragraph 132, defendant admits that plaintiffs' complaint purports to allege both individual and putative class action claims. Defendant denies all remaining allegations contained within paragraph 132.

133. Defendant admits that paragraph 133 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 133.

134. Defendant admits that paragraph 134 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 134 and its sub-paragraphs.

135. Defendant admits that paragraph 135 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 135.

136. Defendant admits that paragraph 136 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 136.

137. Defendant denies all allegations contained within paragraph 137.

138. Defendant denies all allegations contained within paragraph 138.

139. Defendant denies all allegations contained within paragraph 139 and its sub-paragraphs.

140. Defendant denies all allegations contained within paragraph 140

141. Defendant denies all allegations contained within paragraph 141.

142. Defendant denies all allegations contained within paragraph 142.

143. Defendant denies all allegations contained within paragraph 143.

**COUNT II**

**Violation Of The California Invasion of Privacy Act,**

**Cal. Penal Code § 632**

**(On Behalf Of The Class)**

144. Answering paragraph 144, defendant repeats its responses, and denials, respectively, to the allegations contained in the preceding referenced complaint paragraphs as if fully set forth herein.

145. Answering paragraph 145, defendant admits that plaintiffs' complaint purports to allege both individual and putative class action claims. Defendant denies all remaining allegations contained within paragraph 145.

146. Defendant admits that paragraph 146 of the complaint purports to cite to an incomplete portion of the CIPA statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 146 and its sub-paragraphs.

147. Defendant denies all allegations contained within paragraph 147.

148. Defendant admits that paragraph 148 of the complaint purports to cite to an incomplete portion of California statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 148 and its sub-paragraphs.

149. Defendant admits that paragraph 149 of the complaint purports to cite to an incomplete portion of California statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized

legal conclusions. Defendant denies all remaining allegations contained within paragraph 149 and its sub-paragraphs.

150. Defendant denies all allegations contained within paragraph 150.

151. Defendant denies all allegations contained within paragraph 151.

152. Defendant denies all allegations contained within paragraph 152.

153. Defendant denies all allegations contained within paragraph 153.

154. Defendant denies all allegations contained within paragraph 154.

155. Defendant denies all allegations contained within paragraph 155.

**COUNT III**

**California Civil Code § 1799.3**

**(On Behalf Of The Class)**

156. Answering paragraph 156, defendant repeats its responses, and denials, respectively, to the allegations contained in the preceding referenced complaint paragraphs as if fully set forth herein.

157. Answering paragraph 157, defendant admits that plaintiffs' complaint purports to allege both individual and putative class action claims. Defendant denies all remaining allegations contained within paragraph 157.

158. Defendant admits that paragraph 158 of the complaint purports to cite to an incomplete portion of California statute (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. Defendant denies all remaining allegations contained within paragraph 158.

159. Defendant admits that paragraph 159 of the complaint purports to cite to out-of-context, incomplete and mischaracterized summary of marketing material on a website. Defendant denies that any statements made in marketing material on the website serve as admissions. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained within paragraph 159.

160. Defendant denies all allegations contained within paragraph 160.

161. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 161.

162. Defendant denies all allegations contained within paragraph 162.

163. Defendant denies all allegations contained within paragraph 163.

164. Answering paragraph 164, defendant admits that plaintiffs' complaint seeks declaratory relief, injunctive and equitable relief, statutory damages and attorneys' fees, costs and expenses. Defendant denies plaintiffs are entitled to the requested relief and denies all remaining allegations contained within paragraph 164.

**COUNT IV**

**Invasion of Privacy Under California's Constitution**

**(On Behalf Of The Class)**

165. Answering paragraph 165, defendant repeats its responses, and denials, respectively, to the allegations contained in the preceding referenced complaint paragraphs as if fully set forth herein. In further answering paragraph 165, defendant admits that plaintiffs' complaint purports to allege both individual and putative class action claims. Defendant denies all remaining allegations contained within paragraph 165.

166. Defendant denies all allegations contained within paragraph 166.

167. Defendant denies all allegations contained within paragraph 167.

168. Answering paragraph 168, defendant admits that all website users receive and agree to Terms and Conditions of Use and the Privacy Policy. Defendant denies it installs wiretaps. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 168.

169. Defendant denies all allegations contained within paragraph 169.

170. Defendant denies all allegations contained within paragraph 170.

171. Answering paragraph 171, defendant admits that plaintiffs' complaint seeks relief. Defendant denies plaintiffs are entitled to the requested relief and denies

all remaining allegations contained within paragraph 171.

**PRAYER FOR RELIEF**

172. Answering the complaint Prayer for Relief, defendant denies plaintiffs are entitled to the requested relief and denies all remaining allegations contained within the Prayer for Relief.

**DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED OR ALLEGED**

173. Defendant denies all allegations of the complaint not expressly and specifically admitted or denied above.

**DEFENSES**

Defendant MIDWEST TAPE, LLC d/b/a HOOPLA, through its undersigned attorneys, **expressly preserving and without waiving any rights to arbitration under the Federal Arbitration Act 9 U.S.C. § 1 or state law**, for its defenses to plaintiffs' First Amended Complaint ("complaint"), states:

**FIRST DEFENSE**

**(Failure to State a Claim)**

Plaintiffs fail to state a claim and/or cause of action upon which relief may be granted and plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

**SECOND DEFENSE**

**(Reasonable Procedures and/or Policies and Good Faith Compliance)**

Any violation of the CIPA or Cal. Civ. Code 1799.3 or for Invasion of Privacy Under California's Constitution, if applicable, which defendant denies, was not intentional and defendant maintained reasonable procedures and/or policies to assure good faith compliance with the respective laws and/or designed to avoid and prevent errors which might slip through procedures aimed at good faith compliance with the laws.

**THIRD DEFENSE**

**(Lack of Statutory Standing)**

Plaintiffs and/or class members lack statutory standing to bring claims pursuant the CIPA or Cal. Civ. Code 1799.3 or for Invasion of Privacy Under California's Constitution.

**FOURTH DEFENSE**

**(Lack of Article III Standing)**

Plaintiffs and/or members of the putative class lack Article III standing with regard to their claims because they are unable to demonstrate that any actual injury occurred. *TransUnion v. Ramirez*, No. 20-297 (S.Ct. 2021).

**FIFTH DEFENSE**

**(Statute of Limitations)**

The claims of plaintiffs and/or members of the putative class are barred by operation of the statute of limitations.

**SIXTH DEFENSE**

**(Arbitration)**

Plaintiffs and/or members of the putative class are contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

**SEVENTH DEFENSE**

**(Failure to Mitigate or Avoid Damages)**

Defendant alleges that, to the extent plaintiffs and/or members of the putative class failed to mitigate, minimize or avoid any damages they allegedly sustained, recovery against defendant, if any, is barred or must be reduced.

**EIGHTH DEFENSE**

**(Consent)**

Plaintiffs' claims and/or the claims of any putative class members are barred in whole or in part because the respective parties acquiesced and/or consented to the alleged conduct at issue. Plaintiffs' claims and/or the claims of any putative class

members also are barred in whole or in part because defendant or its alleged agents had a good faith basis to believe the respective parties acquiesced and/or consented to the conduct at issue.

**NINTH DEFENSE**

**(Estoppel, Waiver, Laches and Unclean Hands)**

Plaintiffs' claims and/or the claims of any putative class members are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands because the respective parties used the website without objection and/or acted in bad faith in relation to the instant claims.

**TENTH DEFENSE**

**(Equitable Allocation, Recoupment, Set-Off, Proportionate Responsibility and/or Comparative Fault)**

Any damages or losses sustained by plaintiffs and/or any putative class members must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**ELEVENTH DEFENSE**

**(Unconstitutionally Overbroad, Vague and Ambiguous)**

CIPA and Cal. Civ. Code 1799.3 violate the United States Constitution's First Amendment's Free Speech Clause, are unconstitutionally overbroad and unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendment's Due Process Clauses.

**TWELFTH DEFENSE**

**(Fifth Amendment Due Process)**

The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in a defendant's insolvency, especially where, as here, the alleged conduct did not cause actual injury or damages to the plaintiffs and/or putative class members.

**<u>THIRTEENTH DEFENSE</u>**

**(Governing Documents)**

Defendant alleges that the conditions, limitations, exclusions and/or defenses under any governing agreements, contracts or other obligations bar, reduce or limit any recovery by plaintiffs and/or putative class members.

**<u>FOURTEENTH DEFENSE</u>**

**(Compliance with Governing Law)**

Defendant alleges its compliance with statutes, rules, regulations and/or other duties that govern the subject matter of this action precludes any liability to plaintiffs and/or putative class members.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(Equities)**

Defendant alleges that the complaint and each claim therein are barred in whole or in part because the equities in the action weigh against any and all relief sought by plaintiffs and/or putative class members.

**<u>SIXTEENTH DEFENSE</u>**

**(No Attorneys' Fees or Costs)**

Defendant alleges that the facts do not support any award of attorneys' fees for plaintiffs and/or putative class members; and plaintiffs and/or putative class members are not entitled to recover any other costs of suit.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Good Faith)**

Defendant alleges that it acted in good faith and honestly in fact at all times relevant herein because defendant has complied with the terms of any contracts alleged by plaintiffs in the complaint.

**EIGHTEENTH DEFENSE**

**(Approval Bars Recovery)**

Defendant alleges that plaintiffs and/or putative class members and/or third, counter and/or cross parties to the agreement, contract, or other obligation have waived any recovery against defendant by virtue of the fact that such other parties have approved, i.e. that they have affirmed, acquiesced in and/or ratified defendant's alleged actions with full knowledge of the relevant facts.

**NINETEENTH DEFENSE**

**(Conduct of Other Party)**

Defendant alleges that the conduct of third, counter and/or cross parties to the agreement, contract, or other obligation and/or other persons whose conduct is imputable to them or one of them, precludes recovery by plaintiffs and/or putative class members against defendant.

**TWENTIETH DEFENSE**

**(No Punitive or Exemplary Damages)**

Plaintiffs' complaint and each cause of action therein fail to state facts sufficient to constitute a claim for punitive or exemplary damages.

**RESERVATION OF RIGHTS**

Defendant reserves all other applicable defenses that may now or in the future be available based on discovery, other factual investigations concerning this case, or for any other reason.

**WHEREFORE,** defendant prays for an order and judgment of this Court in defendant's favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits;
2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, CIPA and/or Cal. Civ. Code 1799.3 in favor of defendant; and

3. Awarding defendant such other and further relief as the Court deems just and equitable.

**DEFENDANT'S JURY DEMAND**

While **expressly preserving and without waiving their rights to arbitration under the Federal Arbitration Act 9 U.S.C. § 1**, defendant asserts its right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues not submitted to arbitration.

Dated: April 7, 2025

HINSHAW & CULBERTSON LLP

By: */s/Vincent M. Rizzo*
Vincent M. Rizzo
Todd P. Stelter
Attorneys for Defendant
MIDWEST TAPE, LLC d/b/a HOOPLA

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Vincent M. Rizzo*