**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10019
Telephone: (914) 874-0710
Facsimile:  (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH and LYLY TRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST TAPE, LLC d/b/a HOOPLA,<br><br>Defendant. | Case No. 3:24-cv-08805-JD<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO ECF NO. 57**<br><br>Hon. James Donato |

PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO ECF NO. 57
CASE NO. 3:24-cv-08805-JD

Plaintiffs Kevin Smith and Lyly Tran ("Plaintiffs" hereby submit this supplemental brief in response to the Court's December 22, 2025 Order (ECF No. 57).

As Plaintiffs explained in their Oppositions to Defendant's Motions to Compel Arbitration (ECF Nos. 35 and 45) (the "Oppositions"), transfer to Ohio for the purposes of arbitration would be impermissible under California law. *See* Cal. Civ. Code § 1799.208(a)(1) ("A seller shall not require a consumer to agree to a provision that would … [r]equire the consumer to arbitrate outside of California claim arising in California."). Thus, as Plaintiffs argued in their Oppositions, this matter is not subject to arbitration.

In the event the Court disagrees, however, then transfer would be inappropriate. A party can waive their right to enforce a forum selection clause "based on a party's litigation conduct." *Media Matters for Am. v. X Corp.*, 2025 WL 3688854, at *2 (9th Cir. Dec. 19, 2025); *see also Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471 (9th Cir. 2023) (explaining that parties waive their right to enforce an arbitration clause (a type of forum selection clause) when they delay enforcement "by actively litigating [their] case," such as by "answer[ing] complaints, mov[ing] to dismiss the action, and [failing to] claim a right to [enforcement] in any of the pleadings") (cleaned up); *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1162-63 (E.D. Cal. 2005) ("A party cannot sit on its forum selection rights, allowing a court to invest its resources in the resolution of the action, until such time as things go unfavorably. To allow late invocation of a forum selection clause would be to countenance forum shopping at its most wasteful.").

Here, despite knowledge of the forum selection clause, Defendant twice moved to compel arbitration in the last year without invoking the forum selection clause in the alternative. Based on that conduct, Defendant has waived its right to transfer this action to Ohio.

Dated: January 2, 2026

Respectfully submitted,

By: */s/ Max S. Roberts*
    Max S. Roberts

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163

E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10019
Telephone: (914) 874-0710
Facsimile:  (914) 206-3656
E-mail: pfraietta@bursor.com

*Attorneys for Plaintiffs*