UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN SMITH, et al.,

        Plaintiffs,

        v.

MIDWEST TAPE, LLC,

        Defendant.

Case No. 24-cv-08805-JD

**ORDER RE TRANSFER**

Plaintiffs Kevin Smith and Lyly Tran filed this consumer privacy class action against defendant Midwest Tape, LLC d/b/a Hoopla.  Midwest Tape hosts a "web-based library service, hoopladigital.com," which plaintiffs used to borrow reading and video materials from public libraries in California.  Dkt. No. 33 ¶¶ 1, 7, 17.  Plaintiffs allege that Midwest Tape illegally shared information about their reading and video-viewing preferences with third parties Meta Platforms and Google, in violation of the California Invasion of Privacy Act, Cal. Penal Code § 631; California Civil Code § 1799.3; and the California Constitution.  *Id*. ¶¶ 132-71.

Defendant Midwest Tape asked to compel the arbitration of plaintiffs' claims on an individual basis.  Dkt. Nos. 26, 43.  The arbitration demand is based on a dispute resolution clause in Midwest Tape's 2021 Terms and Conditions of Use (TOU), which Midwest Tape says is binding for both plaintiffs.  Plaintiffs do not dispute that they accepted the Terms of Use, and they do not challenge the validity of the TOU other than to raise unconscionability challenges to the arbitration agreement specifically.  Dkt. Nos. 35, 43.[1]

The TOU applies to "all HOOPLA websites, applications, and associated services and properties," which are collectively referred to as "the 'Platform.'"  Dkt. No. 26-1 at ECF p. 9.  It

---

[1] Plaintiffs' opposition briefs have a section heading that reads "Defendant's Forum Selection Clause Is Void," but the ensuing arguments are specific to arbitration being conducted in Lucas County, Ohio, and not to the issue of arbitrability being resolved by a court there.  Dkt. No. 35 at 12-13; Dkt. No. 45 at 14.

United States District Court
Northern District of California

states that, "[b]y installing or otherwise using the Platform," users acknowledge that they have "read and understand these Terms, and agree to be bound by them." *Id*.

Section XII of the TOU is titled "Governing Law and Jurisdiction," and it provides in relevant part:

> You agree to resolve any claims relating to the Platform, software for or associated with the Platform, and/or Content through final and binding arbitration before a single arbitrator in Lucas County, Ohio, USA. The American Arbitration Association (AAA) will administer the arbitration under its Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes. Any in-person arbitration proceedings shall occur in Lucas County, Ohio, unless the arbitrator determines that another, mutually convenient arbitration forum is required by applicable law. **By accessing the Platform you agree to submit to the jurisdiction of the State of Ohio and agree that Lucas County, Ohio shall serve as the exclusive venue for any disputes relating to the Platform, software for or associated with the Platform, and/or Content.** You may only resolve disputes with Midwest Tape on an individual basis, and may not bring a claim as a plaintiff or a class member in a class, consolidated, or representative action. Class arbitrations, class actions, private attorney general actions, and consolidation with other arbitrations are not allowed.

*Id*. at ECF p. 14 (emphasis added).

The forum selection clause designating Ohio as the "exclusive venue" of all disputes is independent of the agreement to arbitrate, and encompasses disputes about arbitrability. Consequently, the Court invited the parties to address why the case should not be transferred to the Northern District of Ohio pursuant to the forum selection clause, or simply stipulate to a transfer. Dkt. No. 57.

The parties' responses were unhelpful. Midwest Tape used the invitation to dwell on arbitration, and eventually said it "does not oppose" transfer and acknowledged that a transfer would be permissible. Dkt. Nos. 58, 61. Plaintiffs suggested that Midwest Tape waived the forum selection clause, Dkt. No. 59, but relied on readily distinguishable cases cases in which waiver was found on the basis of extensive litigation. *See*, *e.g.*, *Media Matters for America v. X Corp.*, No. 25-2463, 2025 WL 3688854, at *2 (9th Cir. Dec. 19, 2025) (Media Matters waived right to exercise forum selection clause designating the Northern District of California where Media Matters "actively litigated the case on other grounds in Ireland" for over a year "using other theories," necessitating the parties to submit "hundreds of pages of affidavits and other evidence"

United States District Court
Northern District of California

in the Ireland litigation); *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1164 (E.D. Cal. 2005) ("it would be unfair in the extreme to Gallo to now invoke the forum selection clause after so much of the parties' (not to mention the court's) time and effort has been expended in discovery, the settlement of discovery disputes, and the resolution of pretrial dispositive and non-dispositive motions.").

None of these circumstances are present here. The case is at the very earliest stage of litigation. All that is pending is Midwest Tape's requests to compel arbitration, and Midwest Tape has represented that it "has not served discovery on Plaintiff [*sic*] in this case in order to avoid waiver of its rights to arbitration." Dkt. No. 60 at ECF pp. 3-4. Overall, the record establishes that Midwest Tape has not "exerted a significant amount of energy" litigating the case in this District, *Hill v. Xerox Business Services, LLC*, 59 F.4th 457, 473 (9th Cir. 2023), and so has not waived the forum selection clause.

When there is a contractually valid forum selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for W.D. Tex.*, 571 U.S. 49, 62 (2013). A valid forum selection clause is to be given "controlling weight in all but the most exceptional cases," and plaintiffs here have not established that "transfer to the forum for which the parties bargained is unwarranted." *Id*. at 63.

The parties here agreed in a valid contract that "any disputes relating to the Platform" are to be exclusively resolved in Lucas County, Ohio. Pursuant to 28 U.S.C. § 1404(a), the case is ordered transferred to the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED.**

Dated: February 20, 2026

_____
JAMES DONATO
United States District Judge